## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| JOHN M MARONEY | ) | Case No. 15 B 02895 |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |
| TRIPLE "R" STEEL, INC and ROGER OLSEN, Creditors, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) | Adv. No. 15-00277 |
| | ) | |
| JOHN M MARONEY, | ) ) | |
| Defendant. | ) | |

### FINDINGS OF FACTS AND CONCLUSIONS OF LAW

The following Findings of Fact and Conclusions of Law are made and entered:

### FINDINGS OF FACT

1. Defendant, John M Maroney ("Maroney" or "Debtor"), filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code on January 29, 2015.

2. Among the debts listed by the Debtor in Schedule F of his Petition is a debt due Triple "R" Steel, Inc., ("Triple R"), in the amount of $90,168.14.

3. On April 23, 2015, Triple R and Roger Olsen, filed this Adversary proceeding seeking a determination that the debt due Triple R was non-dischargeable pursuant to Sections 523(4) and (6) of the Bankruptcy Code.

4. The Defendant has failed to Appear, Answer or otherwise plead to the Adversary Complaint and accordingly is in default.

5. Triple R is an Illinois corporation and Roger Olsen is president and sole shareholder of Triple R.

6. Between January 4, 1997 through June 28, 2004, Maroney was vice president of Triple R.

7. In 2006, Maroney filed with the American Arbitration Association a demand for arbitration against Triple R, which was assigned American Arbitration Association Case No. 51 116 00415 06 ("The Arbitration Proceeding').

8. Triple R filed a counterclaim against Maroney in the Arbitration Proceedings alleging breach of contract and breach of fiduciary duties.

9. Maroney's claim in the Arbitration Proceeding was dismissed and, thereafter, a hearing was had on Triple R's counterclaim. The arbitration hearing spanned a period of two and a half days of testimony (the transcript of arbitration is 453 pages).

10. Following the Arbitration hearing, on July 29, 2008, the Arbitrator entered a Final Award against Maroney and in favor of Triple R..

11. The Final Award in the Arbitration Proceeding awards $73,284.56 in favor of Triple R and against Maroney consisting of the following:

| | | |
|---|---|---|
| A. | Unlawfully competing against Triple R while still employed by Triple R as vice president of Triple R. (Final Award p. 6). | $ 16,000.00 |
| B. | Violation of the non-compete provision after employment by Triple R. (Final Award pp. 7-8). | $ 8,983.00 |

| | | |
|---|---|---:|
| C. | Conversion of steel John Maroney had Triple R fabricate for his sister-in-law. (Final Award p. 9). | $ 2,380.00 |
| D. | Conversion of proceeds from cash sales of Triple R's inventory (Final Award p. 10). | $ 13,500.00 |
| E. | Wrongful taking of Triple R equipment for use in the company he set up to compete with Triple R. (Final Award pp. 10-11). | $ 15,996.52 |
| F. | Punitive damages for willful and wanton breach of fiduciary duties owed to Triple R. (Final Award p. 11). | $ 10,000.00 |
| G. | Prejudgment interest on the proceeds of cash sales converted by John Maroney and the equipment wrongfully taken by John Maroney. (Final Award pp. 12-13). | $ 6,515.04 |
| | Total | $73,284.56 |

12. Thereafter, Triple R filed suit in the Circuit Court of Cook County, Case No. 10 CH 34504, seeking confirmation of the Arbitration Award and for entry of a judgment against the Debtor.

13. On January 11, 2011, the Circuit Court of Cook County entered a Judgment Order in favor of Triple R and against Maroney in the amount of $90,168.14.

14. Maroney has neither appealed nor sought to vacate the Judgment or has paid any amounts on the Judgment.

15. Subsequently, Triple R assigned the Judgment against Maroney to its sole shareholder, Olsen.

## **CONCLUSIONS OF LAW**

### Jurisdiction

1. This Court has jurisdiction to hear and determine this Complaint pursuant to Title 28 § 157(b)(2)(I) of the United States Code and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue of this proceeding is in the United States District Court for the Northern District of Illinois pursuant to Title 28,§ 1409(a.).

3. Triple R and Olsen have prosecuted this Complaint pursuant to Title 11 U.S.C. § 523(c)(1).

### 11 U.S.C. Section 523(a)(4)

4. Section 523(a)(4) except from discharge under section 727 . . . any debt – for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

5. To except a debt from discharge under this Code section, the Defendant either have committed a fraud or defalcation while acting as a fiduciary capacity or committed an embezzlement or larceny. *In re Bruetman*, 259 B.R. 649, 666 (Bankr.N.D.Ill. 2001).

6. Maroney was an officer and employee of Triple R and therefore owed Triple R a fiduciary duty.

7. While an officer and employee of Triple R, Maroney unlawfully competed against Triple R.

8. While an officer and employee of Triple R, Maroney converted steel which Triple R fabricated for Maroney's sister-in-law.

-4-

9. While an officer and employee of Triple R, Maroney converted proceeds from cash sales of Triple R's inventory.

10. While an officer and employee of Triple R, Moroney converted Triple R equipment which he used in a company he set up to compete with Triple R.

### 11 U.S.C. Section 523(a)(6)

11. Section 523(a)(6) excepts from discharge under section 727 . . . any debt – for willful and malicious injury by the debtor to another entity or to the property of another entity.

12. "To prevail on a claim under Section 523(a)(6), the Plaintiff must establish that the Defendant: (1) caused an injury; (2) acted willfully; and (3) acted maliciously." *In re Jacobs*, 448 B.R. 453, 480 (Bankr.N.D.Ill. 2011).

13. "A malicious injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse. *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1209 (9th Cir.2001) (internal citations omitted). Malice may be inferred based on the nature of the wrongful act. See, *Transamerica Commercial Fin. Corp. v. Littleton (In re Littleton)*, 942 F.2d 551, 554(9th Cir.1991). To infer malice, however, it must first be established that the conversion was willful. *See* Thiara, 285 B.R. at 434." *In re Ormsby*, 591 F.3d 1199, 1207 (9th Cir. 2010).

14. The Defendant's conduct in violating his fiduciary duties by competing with Triple R while still employed by Triple R, converting Triple R equipment for use in the company he set up to compete with Triple R and violating his covenant not to compete upon leaving Triple R, constitutes willful and malicious conduct which was intended to injure Triple R. See, *In re Sarff*, 242 B.R. 620 (6th Cir. 2000).

15. Punitive damages arising from the same "willful and malicious" injury as a non-dischargeable compensatory judgment are also non-dischargeable. *In re Sarff,* 242 B.R. at 627.

16. Based upon the foregoing, Maroney's debt to Triple R and Olsen in the amount of $90,168.14 is non-dischargeable in bankruptcy under Section 523(a) (4) and (6) of the Bankruptcy Code and therefore is excepted from discharge.

## CONCLUSION

For the foregoing reasons, the Court will separately grant judgment in favor of Triple "R" Steel Inc., and Roger Olsen and against John M. Maroney, determining that his debt to Triple R in the amount of $90.168.14 is non-dischargeable in bankruptcy and therefore is excepted from discharge.

Dated: 21 JUL 2015

_____
Bankruptcy Judge